IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BOB SPIVEY,

    Petitioner,

v.                                      No. 1:14-CV-1209-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING MOTION TO AMEND § 2255 MOTION,
DENYING MOTION FOR COUNSEL,
AND
DIRECTING RESPONDENT TO RESPOND

---

INTRODUCTION

On August 25, 2014, Petitioner, Bob Spivey filed a *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence ("petition"). (Pet., ECF No. 1.) Before the Court is Spivey's motion to amend the petition to add a claim for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and motion for appointment of counsel. (Mo. Amend., ECF No. 13; Mo. Counsel, ECF No. 16.) For the reasons set forth below, the motions are DENIED. Respondent, United States of America, is ORDERED to respond to the petition pursuant to the timeframe set forth below.

RELEVANT BACKGROUND

On August 15, 2011, a federal grand jury, in Case No. 1:11-cr-10064-JDB-1, returned a one-count indictment against Petitioner, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Assistant Federal Defender Diane Smothers was

appointed to represent him. (Order, Criminal Case ("Cr. Case"), ECF No. 7; Min. Entry, Cr. Case, ECF No. 9.)

Spivey pleaded guilty on December 1, 2011. (Change of Plea Min. Entry, Cr. Case, ECF No. 32.) At sentencing, he was determined to be an armed career criminal subject to a mandatory minimum sentence of 15 years' incarceration under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 924(e)(1), (e)(2)(A). (Presentence Report ("PSR") at 11, 13.) His ACCA status was based on three prior convictions for "serious drug offense[s]," namely: possession of cocaine with intent to deliver .5 grams or more; possession of cocaine/cocaine base with intent to deliver .5 grams or more, and facilitation of delivery of schedule II over .5 grams. (*Id.*) The government moved, pursuant to 18 U.S.C. § 3553, for a departure below the statutory mandatory minimum and the Court imposed a sentence of 120 months' incarceration. (Min. Entry, Cr. Case, ECF No. 44.)

THE PETITION AND REQUEST FOR *JOHNSON* REVIEW

The defendant filed his habeas petition in August of 2014, raising the sole claim that his attorney rendered ineffective assistance. (Pet. ECF No. 1 at 4.) He asserts that Attorney Smothers should have objected at sentencing and on appeal to the use of his facilitation conviction to enhance his sentence, since "facilitation of sale of cocaine [is] not a controlled substance offense" for purposes of the ACCA. (Pet., ECF No. 1 at 4) (citing *United States v. Woodruff*, 735 F.3d 445 (6th Cir. 2013)).

On June 27, 2016, Petitioner filed a motion for leave to amend his petition to add the additional claim that enhancement of his sentence under the ACCA was unconstitutional in light of *Johnson*, 135 S. Ct. 2551. (Mo. Am., ECF No. 13 at 4.) The Court appointed counsel to

assist the inmate with his *Johnson* claim, (Order, Cr. Case, ECF No. 55), and counsel subsequently filed a notice that he had completed his review. (6/24/16 Notice, Cr. Case.)

On May 8, 2017, Petitioner moved for the appointment of counsel, presumably to aid him in litigating his ineffective-assistance claim. (Mo. Counsel, ECF No. 16.)

DISCUSSION

The Court determines that Spivey is not entitled to relief under the Supreme Court's decision in *Johnson* and that the appointment of counsel to assist him in litigating his sole habeas claim is not warranted.

1. *Johnson* Claim

A prisoner seeking to vacate his sentence under § 2255 "must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). Petitioner, here, contends that the Supreme Court's ruling in *Johnson*, 135 S. Ct. at 2551, renders the enhancement of his sentence under the ACCA unconstitutional. The argument is without merit.

Generally, a person convicted of being a felon in possession of a firearm is subject to a sentence of zero to ten years in prison. 18 U.S.C. § 924(a)(2). Under the ACCA, however, a person who is convicted of being a felon in possession of a firearm and who has "three previous convictions . . . for a violent felony or a serious drug offense . . . committed on occasions different from one another . . . shall be . . . imprisoned [for] not less than fifteen years." 18 U.S.C. § 924(e)(1).

The ACCA defines "serious drug offense," in pertinent part, as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or

distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). "[V]iolent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The phrase "otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Johnson*, 135 S. Ct. at 2556.

In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally void for vagueness. *Id.* at 2257. Therefore, an enhanced sentence under the residual clause violates due process as guaranteed by the Fifth Amendment. *Id.*

As noted, Spivey was sentenced as an armed career criminal pursuant to the ACCA. However, his qualifying convictions were for serious drug offenses, not violent felonies. The ruling in *Johnson* thus has no application to his sentence. *See e.g., United States v. Smith*, No. 10-cr-20058, 2015 WL 5729114, at *13 (E.D. Mich. Sept. 30, 2015) (holding that *Johnson* did not affect the defendant's status as an armed career criminal based on his prior serious drug offenses).

The request for leave to amend the petition to add a claim under *Johnson* is therefore DENIED as futile.

2. Appointment of Counsel

The appointment of counsel is mandatory in a § 2255 proceeding when an evidentiary hearing is required. *See* Habeas Rule 8(c), Rules Governing § 2255 Proceedings for the United States District Courts ("If an evidentiary hearing is warranted, the judge must appoint an attorney

to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.). Appointment is also "required . . . where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citing 18 U.S.C. § 3006(A)(g)); *see also* 18 U.S.C. §3006A(a)(2) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2254 . . . of title 28."). The determination of whether the interests of justice or due process require the appointment of counsel is left to the sound discretion of the court. *Mira*, 806 F.2d at 638.

Here, the inmate does not explain why he believes that appointment of counsel is necessary or warranted. (*See* Mo. Counsel, ECF No. 16.) He thus has not shown why justice or due process would require it. In addition, appointment does not appear to be appropriate under Habeas Rule 8(c), since an evidentiary hearing is probably not necessary on Petitioner's sole habeas claim that his attorney was ineffective for failing to challenge the use of his facilitation conviction as a predicate offense under the ACCA. *See Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001) (a court's determination of whether counsel was ineffective for failing to predict the development of the law requires assessment of the law's clarity, or lack thereof, at the time of representation).

The motion for appointment of counsel is therefore DENIED without prejudice.

3. Response to Petition

Respondent, United States of America, is ORDERED to file a response to the petition within twenty-one days from the date of this order. *See* Habeas Rule 5(a).

Petitioner may, if he chooses, submit a reply to Respondent's response within twenty-one days of service. *See* Rule 5(d).

IT IS SO ORDERED this 13th day of July 2017.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE