IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BOB SPIVEY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

No. 1:14-cv-1209-JDB-egb
No. 1:11-cr-10064-JDB-1

_____

ORDER DENYING § 2255 MOTION,
DENYING AS MOOT MOTION TO PROCEED WITHOUT PAYMENT OF FEES,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
_____

Before the Court is the *pro se* motion of Petitioner, Bob Spivey, to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 ("Petition"). (Case Number ("No.") 14-cv-1209, Docket Entry ("D.E.") 1.) For the reasons set forth below, the Petition is DENIED.[1]

**RELEVANT BACKGROUND**

On August 15, 2011, a federal grand jury, in No. 11-cr-10064, returned a one-count indictment against Petitioner and charged him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Assistant Federal Defender Diane Smothers was appointed to represent him. (No. 11-cr-10064, D.E. 7, 9.)

Spivey pleaded guilty on December 1, 2011. (*Id.*, D.E. 32.) At sentencing, he was determined to be an armed career criminal subject to a mandatory minimum sentence of 15

---

[1] On July 13, 2017, the Court denied Petitioner's motion to amend the petition to add a claim for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and motion for appointment of counsel. (No. 14-cv-1209, D.E. 17.)

years' incarceration under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 924(e)(1), (e)(2)(A). (*Id.*, Presentence Report ("PSR") at 11, 13.) His ACCA status was based on three prior Tennessee convictions for "serious drug offense[s]," namely: possession of cocaine with intent to deliver .5 grams or more; possession of cocaine/cocaine base with intent to deliver .5 grams or more; and facilitation of delivery of cocaine. (*Id.*) The government moved, pursuant to 18 U.S.C. § 3553, for a departure below the statutory mandatory minimum, and the Court imposed a sentence of 120 months' incarceration. (*Id.*, D.E. 44.)

## THE PETITION

The defendant filed his habeas petition on August 25, 2014, alleging that his trial attorney rendered ineffective assistance in two respects. (No. 14-cv-1209, D.E. 1 at PageID 4.) In Claim 1, he asserts that Attorney Smothers should have objected to the use of his facilitation conviction to enhance his sentence under the ACCA. (*Id.*, citing *United States v. Woodruff*, 735 F.3d 445 (6th Cir. 2013).) In Claim 2, he alleges that counsel should have filed a direct appeal on his behalf. (*Id.*)

## DISCUSSION

The government filed a response to the Petition, arguing that the claims are without merit.[2] (No. 14-cv-1209, D.E. 18.) Petitioner did not file a reply, although allowed to do so. (*See id.*, D.E. 17 at PageID 83.) The Court concludes that he is not entitled to relief.

**1. Legal Standards**

The defendant seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

---

[2] The Petition also appears to be untimely, *see* 28 U.S.C. § 2255(f), but Respondent has not asserted that affirmative defense.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A prisoner seeking to vacate his sentence under § 2255 "must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted). A claim that the ineffective assistance of counsel has deprived a defendant of his Sixth Amendment right to counsel is an "error of constitutional magnitude." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

An ineffective assistance claim is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To succeed on this claim, a movant must demonstrate two elements: (1) that counsel's performance was deficient, and (2) "that the deficient performance prejudiced the defense." *Id.* "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a person challenging a conviction "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was "within the wide range of reasonable professional assistance." *Id.* at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrison v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

### 2. Evidentiary Hearing

Petitioner did not file a motion for an evidentiary hearing on his claims. The Court has nevertheless considered whether a hearing is warranted and concludes that it is not. A petitioner is not entitled to an evidentiary hearing on his claims if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *see also Blanton v. United States,* 94 F.3d 227, 235 (6th Cir. 1996). The record here conclusively establishes that Spivey is not entitled to relief.

### 3. Claim 1: Failure to Object to Use of Facilitation Conviction as a Predicate Offense

Relying on the Sixth Circuit's decision in *Woodruff*, 735 F.3d 445, Petitioner contends that his trial counsel should have objected to the use of his Tennessee conviction for facilitation of delivery of cocaine to enhance his sentence under the ACCA. (No. 14-cv-1209, D.E. 1 at PageID 4.) Because *Woodruff* was decided one year after Petitioner was sentenced, the Court construes Claim 1 as asserting the argument that trial counsel should have anticipated the ruling in *Woodruff*. The claim is without merit.

An attorney's "failure to raise an issue whose resolution is clearly foreshadowed by existing decisions might constitute ineffective assistance of counsel." *Thompson v. Warden,*

4

*Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010). If the law is unclear at the time of the representation, however, counsel does not perform deficiently by failing to anticipate the courts' later resolution of the issue. *See United States v. Freeman*, 679 F. App'x 450, 452-53 (6th Cir. 2017) (holding counsel not ineffective for failing to anticipate development in the law where he "lacked a clear answer"); *Lott v. Coyle*, 261 F.3d 594, 609 (6th Cir. 2001) (holding counsel not ineffective in failing to raise jurisdiction issue where law was unclear at the time).

Spivey was convicted in 2007 of facilitation of delivery of cocaine. (No. 11-cr-10064, PSR at 13.) Under Tennessee law, "[a] person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility . . . , the person knowingly furnishes substantial assistance in the commission of the felony." *Woodruff*, 735 F.3d at 449 (quoting Tenn. Code Ann. § 39-11-403). The statute "applies to a person 'who facilitates criminal conduct of another by knowingly furnishing substantial assistance to the perpetrator of a felony, but who lacks the intent to promote or assist in, or benefit from, the felony's commission.'" *Id.* (quoting Tenn. Code Ann. § 39-11-403 cmt.).

Attorney Smothers did not object to the PSR's characterization of Spivey's facilitation conviction as a "serious drug offense" for purposes of enhancing his sentence under the ACCA. (*See* No. 11-cr-10064, D.E. 41.) As relevant here, the ACCA defines "serious drug offense" to include violations of state law "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

At issue in *Woodruff* was whether the defendant's Tennessee conviction for facilitation of the sale of cocaine qualified as a "controlled substance offense" under the U.S. Sentencing

5

Guidelines Manual ("Guidelines" or "U.S.S.G") § 2K2.1(a)(2) (U.S. Sentencing Comm'n 2010). *Woodruff*, 735 F.3d at 450. Section 2K2.1(a)(2) of the Guidelines provides for the application of "[a] base offense level of twenty-four . . . when a defendant has been convicted of being a felon in possession of a firearm and has previously been convicted of two felonies of either a crime of violence or a controlled-substance offense." *Id.* At 448 (citing U.S.S.G. § 2K2.1(a)(2)). "A controlled-substance offense is defined as 'an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.'" *Id.* At 448-49 (quoting U.S.S.G. § 4B1.2(b)). "A controlled-substance offense includes 'aiding and abetting, conspiring, and attempting to commit such offenses.'" *Id.* at 449 (quoting U.S.S.G. § 4B1.2 cmt. n.1).

The Sixth Circuit in *Woodruff* held that facilitation of a drug offense under Tennessee law[3] is not a controlled substance offense under the Guidelines:

> [T]he elements required to prove facilitation are not substantially equivalent to the elements of aiding and abetting, conspiracy, and attempt. Unlike those offenses, facilitation does not require the defendant to form an "intent to promote or assist in, or benefit from, the felony's commission." Tenn. Code Ann. § 39-11-403 cmt; *cf. id.* §§ 39-12-101(a), 39-12-103(a), 39-11-402 (stating that a defendant must have the culpability required of the primary offense to be convicted of attempt, conspiracy, and aiding of that offense).

*Woodruff*, 735 F.3d at 450.

Because Woodruff did not object at sentencing to the use of his facilitation conviction to increase his offense level, the Sixth Circuit applied plain-error review to the district court's determination that facilitation of a drug offense under Tennessee law is a controlled-substance

---

[3] The facilitation statute at issue in *Woodruff* is substantially the same version of the statute in effect at the time of Spivey's offense in 2006.

offense. *Id.* at 450-51. The court found that the district court's error was not plain. *Id.* Noting that the law at the time of Woodruff's sentencing was unclear, the court found that "[t]here was . . . no controlling law before the district court." *Id.* at 450.

Petitioner's counsel, here, did not perform deficiently by failing to anticipate that the Tennessee facilitation conviction might not qualify as a serious drug offense under the ACCA. As the Sixth Circuit found in *Woodruff*, the state of the law on the narrow question of whether facilitation of a drug offense qualifies as a controlled-substance offense was neither obvious nor certain at the time the decision was issued in 2013. *Id.* Spivey was sentenced one year earlier, in 2012. The outcome in *Woodruff,* and its possible extension to cases under the ACCA, was therefore not clearly foreshadowed by existing precedent at the time of Petitioner's sentencing. Moreover, the ACCA's definition of a serious drug offense as "involving" certain drug-related activities is arguably broader than the definition of a controlled-substance offense under the Guidelines, the latter of which was at issue in *Woodruff*.[4] 18 U.S.C. § 924(e)(2)(A)(ii). *See generally United States v. Gibbs*, 656 F.3d 180, 184-85 (3d Cir. 2011) (holding that "[t]he definition of a serious drug offense should be construed . . . as encompassing . . . offenses that are related to or connected with such conduct") (citation and internal quotation marks omitted); *United States v. King*, 325 F.3d 110, 113 (2d Cir. 2003) ("The word 'involving' has expansive connotations . . . .").

Even if Petitioner could show that he was prejudiced by his attorney's failure to object to the use of his facilitation conviction to enhance his sentence, absent a showing that counsel performed deficiently, he is not entitled to relief on his claim. Claim 1 is therefore DENIED.

---

[4] Additionally, in the absence of allegations regarding "how counsel . . . advised" him on the facilitation issue, *see Freeman*, 679 F. App'x at 453, Spivey cannot show that counsel made a strategic decision to forego the argument based on inadequate preparation or investigation.

### 4. Claim 2: Failure to Appeal

Petitioner alleges that his attorney rendered ineffective assistance by not filing a notice of appeal. (No. 14-cv-1209, D.E. 1 at PageID 4.) Respondent concedes that the defendant did not waive his appeal rights when he pled guilty, but argues that he has not alleged facts that would establish that his counsel was ineffective. (*Id.*, D.E. 18 at PageID 93-94.)

An attorney who represents a federal criminal defendant and who fails to file a timely notice of appeal after a request by his client performs deficiently. *Roe v. Flores-Ortega*, 528 U.S. 470, 483-84 (2000). Under those circumstances, the defendant need not show that "his appeal would likely have had merit" since prejudice is presumed. *Id.* at 477, 484 (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment").

If "the defendant has not given his counsel an express instruction to file an appeal, the antecedent question to ask is whether counsel in fact consulted with the defendant about an appeal." *United States v. Brown*, No. CR 5:12-79-KKC-CJS, 2017 WL 3022322, at *4 (E.D. Ky. July 17, 2017) (citing *Flores-Ortega*, 528 U.S. at 478). An inquiry into whether counsel performed deficiently by not consulting with the defendant about an appeal is not governed by a "bright-line rule," but, instead, requires a determination of whether, under the circumstances, counsel had a duty to consult with the defendant. *Flores-Ortega*, 528 U.S. at 480.

Petitioner here has not alleged that he asked his attorney to file a notice of appeal or that his attorney failed to consult with him regarding an appeal. Rather, he only complains that she did not file one. His claim that counsel rendered ineffective assistance is therefore without merit. *See, e.g.*, *United States v. Onry*, Cr. No. 08-20338-STA, 2013 WL 5306697, at *6 (W.D. Tenn.

Sept. 20, 2013) ("Because [Petitioner] did not direct [counsel] to pursue an appeal, [counsel] clearly was not deficient in failing to file a notice of appeal."); *Jennings v. United States*, No. 1:05-CV-642, 2006 WL 314449, at *3 (W.D. Mich. Feb. 9, 2006) (denying ineffective assistance claim for counsel's failure to file an appeal where the petitioner did "not allege either that he asked his attorney to file an appeal or that his attorney failed to consult with him about filing an appeal").

Claim 2 is DENIED.

## CONCLUSION

Because the issues presented by Petitioner are meritless, the Petition is DENIED.[5] The Clerk of Court is DIRECTED to enter judgment for the United States.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §§ 2253(c)(2), (c)(3). A substantial showing is made when the petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). If the district court rejects a claim on a procedural ground, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that

---

[5] Petitioner's motion to proceed without the payment of fees and costs is DENIED as moot. (No. 14-cv-1209, D.E. 5.)

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478.

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[6]

IT IS SO ORDERED, this 19th day of September 2017.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE

---

[6] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.